**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>M/V MARGIN CALL, *in rem*, Randolph Stoddard, *in personam*, and Monica Atkins, *in personam,*<br><br>Defendants. | ) | Case No.:<br><br><br><br>In Admiralty |

**<u>UNITED STATES OF AMERICA'S VERIFIED ADMIRALTY COMPLAINT</u>**

Plaintiff, the United States of America, on behalf of the U.S. Navy, for its Verified Complaint against the M/V MARGIN CALL, *in rem*, Randolph Stoddard, *in personam*, and Monica Atkins, *in personam*, alleges, on information and belief as follows:

**NATURE OF ACTION**

1. This is an admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333(1) (giving district courts original jurisdiction of admiralty or maritime cases).

2. The United States brings this action against the M/V MARGIN CALL, *in rem*, Randolph Stoddard (Stoddard), *in personam*, and Monica Atkins (Atkins), *in personam*, to recover damages sustained when the MARGIN CALL, owned and/or operated by Defendant Stoddard and/or Defendant Atkins, allided with the Naval Research Laboratory (NRL) Pier in Washington, District of Columbia. The NRL Pier is owned and operated by the U.S. Navy.

3. The United States asserts its claims in this case under the general maritime law, and the Admiralty Extension Act, 46 U.S.C. § 30101.

## JURISDICTION AND VENUE

4. The United States is authorized to file suit under 28 U.S.C. § 1345 (United States as a Plaintiff).

5. This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1333 (admiralty jurisdiction) and 1345 (giving district courts original jurisdiction of all civil actions, suits, or proceedings commenced by the United States).

6. Under the Admiralty Extension Act, 46 U.S.C. § 30101, this Court has admiralty and maritime jurisdiction over the United States' claims against Defendants Stoddard and Atkins, *in personam*, and the MARGIN CALL, *in rem*, for the damage caused to the NRL Pier.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this claim occurred here—namely, the allision of the MARGIN CALL with NRL's Pier in Washington, D.C.

## PARTIES

8. The United States is a sovereign nation authorized to sue under 28 U.S.C. § 1333 and 1345 and vested with the authority to bring this claim.

9. The United States, through the U.S. Navy, owns and operates the NRL Pier which extends outward into the Potomac River in Washington, District of Columbia.

10. Upon information and belief, at all material times, Defendants Stoddard and Atkins resided in Temple Hills, Maryland.

11. Upon information and belief, at all material times, the MARGIN CALL, a 2012, 450 Sundancer recreational vessel, was owned and/or operated by Defendant Stoddard and/or Defendant Atkins, on the navigable waters of the United States.

## FACTS

12. On the night of August 17, 2023, Defendant Stoddard and Defendant Atkins were transiting the Potomac River in Washington, D.C. on the MARGIN CALL.

13. The Potomac River sector adjacent to NRL and Joint Base Anacostia-Bolling (JBAB) is a heavily regulated federal security zone and is designated as a "No Wake" zone. In addition, the waters immediately surrounding the NRL and JBAB are a federally designated Restricted Area/Security Zone. Recreational vessels are generally prohibited from approaching within a certain standoff distance of the installation's shoreline and piers without authorization.

14. Below is an excerpt of the applicable NOAA chart depicting the NRL Pier:




15. At approximately 9:30 p.m., the MARGIN CALL crashed into the NRL Pier, causing substantial damage to the pier's structure and utilities.

16. The MARGIN CALL and Defendants left the scene of the allision without reporting the incident.

17. At approximately 9:30 p.m., video surveillance at the NRL Pier captured the accident and shows the MARGIN CALL alliding with the pier.

18. A fragment of the MARGIN CALL was left on the NRL Pier following the crash. Additionally, the MARGIN CALL was discovered to have a wood deck board broken off in its hull.

19. Using the video footage and the vessel fragment found on the pier, the D.C. Metropolitan Police Harbor Patrol Unit identified the offending vessel as the MARGIN CALL, and Defendant Stoddard and/or Defendant Atkins as her owner.

20. On August 19, 2023, the D.C. Metropolitan Police Harbor Patrol Unit interviewed Defendant Stoddard. Defendant Stoddard acknowledged that he and his wife, Defendant Atkins, were involved in the allision. Defendant Stoddard stated that Defendant Atkins was operating the MARGIN CALL at approximately 8 knots at the time of the crash.

21. Per National Oceanic and Atmospheric Administration Nautical Chart No. 12289, the NRL pier is outside the allowed navigation channel for vessels and the waters immediately surrounding the NRL and JBAB are a federally designated Restricted Area/Security Zone. *See* chart depicted in Paragraph 14.

22. The estimated cost to repair the NRL Pier is estimated at $2,191.463.00. The Navy's calculations are as follows:

U.S. NAVAL RESEARCH LABORATORY

**NRL PROJECT DEVELOPMENT PROGRAM**

**RESEARCH AND DEVELOPMENT SERVICE DIVISION , CODE 3531**

**DATE:** 10/13/2023

**PREPARED BY:** CODE 3531

**PROJECT DESCRIPTION:** Boat Crash Repair
**PW #:**
**DIVISION:** 3500
**SITE / BUILDING:** Pier 86
**FUND TYPE:** GA

**GENERAL NOTE:**
NRL-PDP IS A FUNDABLE ESTIMATE FOR THE PROGRAM, FINAL COST WILL BE OPTAINED DURING DESING OR BID PHASE. CHANGES OF SCOPE AND UNFORSEEN SITUATIONS CAN AFFECT THE FINAL PROGRAM COST. BREAKDOWN BY DISCIPLINE BELOW IS JUST AN ESTIMATION OF TRADE/PRIME EFFORT.

**SUMMARY PROGRAM COST**

| CONSTRUCTION FUNDS | | | | | | NOTES |
|---|---|---|---|---|---|---|
| 1. Construction Cost | | | | $ 1,639,703 | | |
| 2. Construction Contingecy 5% - 10% | | 10% of line 25 of CC | 10% | $ 163,970 | | |
| 3. SUBTOTAL (Add line 1 & 2) | | | | | $ 1,803,673 | |
| **DESING FUNDS** | | | | | | |
| 4. Design Fee (4% DB - 6% DBB) | | 4% of line 3 | 4% | $ 72,146.92 | | |
| 5. Engineerign Service | 3% | 3% of line 3 | 3% | $ 54,110.19 | | |
| 6. PCAS | 2% | 2% of line 3 | 2% | $ 36,073.46 | | |
| 7. SUBTOTAL (Add line 4 - 6) | | | | | $ 162,331 | |
| **CONSTRUCTION SUPPORT / NAVFAC or USACE** | | | | | | |
| 8. SIOH | 8% | 8% of line 3 | 8% | $ 144,293.85 | | |
| 9. IHPCAS | 2.50% | 2.5% of line 3 | 2.5% | $ 45,092 | | |
| 10. PADS | 2% | 2% of line 3 | 2% | $ 36,073.46 | | |
| 11. SUBTOTAL (Add line 8 -11) | | | | | $ 225,459 | |
| **EXECUTION METHOD** | | | | TOTAL COST | $ 2,191,463 | |

**EXCLUSIONS**

**COUNT I - THE MARGIN CALL AND DEFENDANTS STODDARD AND ATKINS ARE LIABLE UNDER THE GENERAL MARITIME LAW FOR NEGLIGENTLY CAUSING DAMAGE TO THE UNITED STATES' PROPERTY**

23. The United States refers to and incorporates by reference, as though fully set forth herein, each and every foregoing paragraph of this claim.

24. Defendants Stoddard and Atkins had a duty to act as reasonably prudent owners and operators of the MARGIN CALL.

25. Defendants Stoddard and Atkins breached their duty by, including but not limited to, operating their vessel at an unsafe speed, sailing outside of the river's navigational channels and into a restricted area, and by failing to maintain a proper lookout.

26. Defendants Stoddard and Atkins allided with a stationary object and are presumptively at fault under the Oregon Rule. *The Oregon,* 158 U.S. 186, 197 (1895).

27. The allision on August 17, 2023, and the resulting damage to the NRL Pier, were caused by the fault, negligence, and/or want of care on the part of Defendants Stoddard and Atkins, as owners and operators of the MARGIN CALL, and/or by the unseaworthy condition of the vessel.

**COUNT II - THE MARGIN CALL AND DEFENDANTS STODDARD AND ATKINS ARE LIABLE FOR CAUSING DAMAGE TO THE UNITED STATES' PROPERTY UNDER THE ADMIRALTY EXTENSION ACT**

28. The United States refers to and incorporates by reference, as though fully set forth herein, each and every foregoing paragraph of this claim**.**

29. The Admiralty Extension Act, 46 U.S.C. § 30101, extends the United States' admiralty and maritime jurisdiction to cases of injury or damage to property caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land. The area of the Potomac River at issue in this litigation is part of the navigable waterways of the

United States.

30. Defendants Stoddard and Atkins had a duty to act as reasonably prudent owners and/or operators of MARGIN CALL.

31. Defendants Stoddard and Atkins breached their duty by, including but not limited to, operating their vessel at an unsafe speed, sailing outside of the river's navigational channels and into a restricted area, and by failing to maintain a proper lookout.

32. The allision on August 17, 2023, and the resulting damage to the NRL Pier, were caused by the fault, negligence, and/or want of care on the part of Defendants Stoddard and Atkins, as owners and operators of the MARGIN CALL, and/or by the unseaworthy condition of the vessel.

**COUNT III - THE MARGIN CALL AND DEFENDANTS STODDARD AND ATKINS VIOLATED THE U.S. INLAND NAVIGATION RULES CAUSING DAMAGE TO UNITED STATES' PROPERTY**

33. The United States refers to and incorporates by reference, as though fully set forth herein, each and every foregoing paragraph of this claim.

34. Under Rule 5 of the U.S. Inland Navigation Rules, "Every vessel shall at all times maintain a proper look-out by sight and hearing as well as by all available means appropriate in the prevailing circumstances and conditions so as to make a full appraisal of the situation and of the risk of collision." 33 C.F.R. § 83.05.

35. By alliding with the NRL Pier, Defendants violated Rule 5.

36. Under Rule 6 of the U.S. Inland Navigation Rules, a vessel must "proceed at a safe speed so that she can take proper and effective action to avoid collision and be stopped within a distance appropriate to the prevailing circumstances and conditions." 33 C.F.R. § 83.06.

37. By transiting the Potomac River at an excessive rate of speed, Defendants

Stoddard and Atkins violated Rule 6.

38. Under Rule 7 of the U.S. Inland Navigation Rules, operators are required to "use all available means appropriate to the prevailing circumstances and conditions to determine if risk of collision exists." 33 C.F.R. § 83.07.

39. In failing to consult available navigation charts to stay within the river's navigation channel and by motoring/sailing into restricted waters and hitting a charted pier, the Defendants did not use "all available means… to determine if risk of [allision] exist[ed]," and thereby violated their responsibility as outlined in Rule 7.

40. As a direct and proximate cause of the Defendants' negligence and regulatory violations, the United States will incur significant expense in repairing the damage to its pier and additional costs.

## DAMAGES

41. The NRL Pier was significantly damaged, including several pilings. Damage was also sustained to several utilities that service the pier, particularly steam and electric pipes that run along the pier. Repairs have not yet commenced due to lack of appropriated funds.

42. Defendants Stoddard and Atkins and MARGIN CALL, *in rem*, are liable, under the general maritime law and the Admiralty Extension Act, to the United States for damage to the NRL Pier in the amount of $2,191,463.00, together with interest and costs, no part of which has been paid.

WHEREFORE, the United States prays the Court:

A. Enter judgment against the MARGIN CALL, Defendant Stoddard, and Defendant Atkins jointly and severally, for all damages available to the United States under the general maritime law.

B. That the MARGIN CALL, Defendant Stoddard, and Defendant Atkins be ordered to pay all costs, interest, and attorney's fees associated with bringing this action.

C. For all such other and further relief to which the United States may be entitled.

Dated: August 17, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

*/s/ Karleen F. Murphy*
KARLEEN F. MURPHY
CA Bar. No. 197245
Trial Attorney
United States Department of Justice Civil
Division, Torts Branch
Aviation, Space & Admiralty Litigation Post
Office Box 14271
Washington, DC 20044-4271
Telephone: (202) 616-3648
Facsimile: (202) 616-4002
Email: Karleen.f.murphy@usdoj.gov
*Attorney for the United States of America*

VERIFICATION

Based upon information officially furnished to me, I declare under penalty of perjury, in accordance with 28 U.S.C. §1746, that the foregoing is true and correct.

Executed on August 17, 2026.

/s/ Karleen F. Murphy
KARLEEN F. MURPHY
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
Post Office Box 14271
Washington, DC 20044-4271